# United States District Court
# Central District of California
# Western Division

---

Case No. CV 16-02008-BRO
C.D. Cal. Bankr. Case No. 9:13-bk-10313-PC

---

In re: Loren Miller and Sarah Miller

Debtors.

---

Loren Miller,

Appellant,

*-against-*

Jeremy W. Faith, Chapter 7 Trustee,

Appellees.

---

On Appeal From The United States Bankruptcy Court
Central District of California

---

## Appellee's Opening Brief and
## Request for Dismissal

---

MARGULIES FAITH, LLP
Meghann A. Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

## TABLE OF CONTENTS

**P**AGE

I.   SUMMARY OF ARGUMENT ...........................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ......................................1

III. AGRUMENT ...........................................................................6

    A. The Order Approving Interim Fees is an Interlocutory Order that Cannot be

       Appealed ............................................................................6

    B. The Debtor Does Not Have Standing to Object to the Application for Interim

       Fees .................................................................................8

    C. The Appeal of the Order Approving Turnover Stipulation is Untimely .........9

IV. CONCLUSION ........................................................................11

i

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                                          <u>PAGE</u>

*Bullard v. Blue Hills Bank,*
    135 S.Ct. 1686, 1691 (2015)................................................................6

*Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),*
    177 F.3d 774, 777 (9th Cir.1999) .........................................................8

*Fondiller v. Roberston (In re Fondiller),*
    707 F.2d 441, 442 (9th Cir.1983) ......................................................8, 9

*In re Callister,*
    673 F.2d 305, 306-307 (10th Cir. 1982)................................................7

*In re Camacho,*
    495 B.R. 515, 519 (E.D. Cal. 2013) .....................................................9

*In re Cormier,*
    382 B.R. 377, 410 (Bankr. W.D. Mich. 2008) ......................................8

*In re Four Seas Ctr., Ltd.,*
    754 F2d 1416 (9th Cir. 1985) ...............................................................7

*In re Roderick Timber Co.,*
    185 BR 601, 604 (9th Cir. BAP 1995) ..................................................7

*In re SK Foods, L.P.,*
    676 F.3d 798, 802 (9th Cir. 2012) ........................................................7

*In re Suk Kim,*
    No. 06-00157, 2010 WL 148635, at *6 (Bankr. D. Haw. Jan. 14,
    2010) .....................................................................................................8

*In re Travers,*
  202 BR 624, 625 (9th Cir. BAP 1996) ................................................................7

*In re Valley Forge Plaza Assocs.,*
  119 BR 471 (E.D.PA 1990) .................................................................................7

*In re Wiersma,*
  483 F.3d 933, 938 (9th Cir. 2007) .....................................................................10

*S. Blvd., Inc. v. Martin Paint Stores,*
  207 B.R. 57, 61 (S.D.N.Y. 1997) .........................................................................8


**STATUTES**                                                                    **PAGE**

11 U.S.C. § 327 ........................................................................................................2

11 U.S.C. § 330 .....................................................................................................2, 7

11 U.S.C. § 330(a)(2) ..........................................................................................8, 9

28 U.S.C. § 158(a)(1) ...............................................................................................6

28 U.S.C. § 158(a)(3) ...............................................................................................6

Federal Rules of Bankruptcy Procedure 8002 .....................................................10

Federal Rules of Bankruptcy Procedure 8002(a)(1) ...............................................9

Federal Rules of Bankruptcy Procedure 8003 .......................................................4

Federal Rules of Bankruptcy Procedure 8009 .......................................................4

Federal Rules of Bankruptcy Procedure 9006(b)(1) ...............................................3

Federal Rules of Civil Procedure 60 ......................................................................6

# I.    <u>SUMMARY OF ARGUMENT</u>

Debtor Loren Miller ("Debtor") has appealed an interim order approving the Trustee Jeremy W. Faith's (the "Trustee") professionals' fees and expenses accrued during the pendency of Debtor's Chapter 7 bankruptcy proceedings. The Debtor's appeal is improper, as it improperly appeals an interlocutory order, which is not a final order, and cannot be appealed. Additionally, Debtor has filed an untimely appeal of the order approving the stipulation executed between the Trustee and the singler unsecured creditor, for assignment of two turnover orders issued by the Bankruptcy Court. Debtor's appeal of this order is untimely and should be immediately dismissed as procedurally improper. As discussed in further detail below, Debtor's appeal is improper both procedurally and on the merits and therefore, Debtor's appeal should be dismissed.

# II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Loren and Sarah Miller[1] (together the "Debtors") commenced this bankruptcy case by the filing of a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 7, 2013 (the "Petition Date"), fashioned as Case No. 9:13-bk-10313-PC (the "Case") in the Central District of California, Northern Division (the "Bankruptcy Court").

---

[1] The Trustee is informed that following the Petition Date, joint-Debtor Sarah Miller initiated divorce proceedings and is not a party to the underlying motions or appeal, and did not join or consent to the filing of the Appeal.

Appellee Jeremy W. Faith is the duly-appointed, qualified, and acting Chapter 7 Trustee in this Bankruptcy Case ("Trustee").

On June 11, 2013, the Honorable Robin Riblet (Ret.) entered an order approving Trustee's Application to Employ Margulies Faith LLP ("MF") as general counsel for Trustee, pursuant to 11 U.S.C. §§ 327 and 330 (Appellant's Excerpts of Record ("ER"), Tab 1).  On February 16, 2016, three years after the Petition Date, MF filed an application for payment of interim fees and/or expenses (the "Application for Interim Fees", ER, Tab 2).  Concurrently with the Application for Interim Fees, MF filed and served Debtor with a notice of hearing setting a hearing date on the Application for Interim Fees on March 8, 2016 (the "Notice of Hearing", ER, Tab 3).  The Notice of Hearing stated that: (1) the deadline for filing an opposition to the Application for Interim Fees is no less than 14 days prior to the hearing date; and (2) the failure to file a written objection within such time period, may result in the waiver of the right to object to the Application for Interim Fees.  Based upon the Notice of Hearing, the deadline for filing an opposition was set for February 23, 2016.

Debtor failed to file a timely opposition to the Application for Interim Fees in compliance with the Notice of Hearing.  Instead, one day prior to the hearing on the Application for Interim Fees, Debtor filed a "Motion and Declaration for Enlargement of Time to File Objection" (the "Motion for Enlargement", ER, Tab

2

4).  On March 7, 2016, the Honorable Peter C. Carroll[2], entered an order denying the Motion for Enlargement (the "Order Denying Enlargement", ER, Tab 5).  The Order Denying Enlargement found that the Application for Interim Fees was properly served on Debtor because Debtor admitted receiving such by February 23, 2016.  Further the Order Denying Enlargement asserted that Debtor did not establish cause for enlargement pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9006(b)(1) because he failed to explain why there was a _13-day_ delay in filing the Motion for Enlargement (which was filed one day prior to the hearing on Application for Interim Fees) and Debtor provided no specific reason why he needed until April 4, 2016 to formulate a response to the Application for Interim Fees.

On March 8, 2016, the Court issued an order granting the Application for Interim Fees and allowing the payment of MF's fees and expenses on an interim basis (the "Order Approving Interim Fees", ER, Tab 6).

Unrelated to the Application for Interim Fees or the Order Approving Interim Fees, on March 8, 2016, the Trustee and creditor Andrew D. Geller, an individual, and Andrew D. Geller and Eileen B. Geller, trustees of the Geller Trust dated September 2, 1987 entered into a stipulation for assignment of outstanding

---

[2] Upon the retirement of the Honorable Robin Riblet, Judge Peter C. Carroll became the duly appointing and acting Judge for the Bankruptcy Case.

proceeds due under previously entered turnover orders (the "Turnover Stipulation", ER, Tab 7).  On March 9, 2016, the Court entered an order approving the Turnover Stipulation (the "Order Approving Turnover Stipulation", ER, Tab 8).

On March 22, 2016, the Debtor filed his "Notice of Appeal – 28 U.S.C.A. § 158" seeking to appeal the Order Approving Interim Fee and the Order Denying Enlargement (the "First Notice of Appeal", ER, Tab 9).  On March 22, 2016, a Notice of Appeal Deficiency was issued, asserting that the appeal fee was not paid and that the First Notice of Appeal failed to comport with official form 417A (the "First Appeal Deficiency Notice", ER, Tab 10).

Rather than responding to the First Appeal Deficiency Notice, on March 29, 2016, Debtor filed an untimely amended notice of appeal, seeking to appeal the Order Approving Turnover Stipulation (the "Second Notice of Appeal", ER, Tab 11).  On April 6, 2016, a second appeal deficiency notice was issued informing Debtor again that he had not paid the appellate filing fee or complied with the requirements of FRBP 8003 and 8009 (the "Second Appeal Deficiency Notice", ER, Tab 12).

On April 20, 2016, an order to show cause for failure to prosecute was issued (the "OSC", ER, Tab 13).  The OSC required Debtor to respond by May 11, 2016 and explain why the appeal should not be dismissed for failure to file a statement of issues on appeal, the appeal brief, and the reporter's transcript.  On

May 12, 2016, Debtor responded to the OSC and moved to extend the time to file his opening brief to June 13, 2016 (ER, Tab 14). On May 13, 2016, the Court issued a notice and extended the time for Debtor to file his opening brief to June 13, 2016 (ER, Tab 15).[3]

On June 13, 2016, Debtor filed a second request to enlarge time to file brief, seeking to extend the deadline to file an opening brief to July 11, 2016 (ER, Tab 16).   The Court again issued a notice extending the time for Debtor to file his opening brief to July 11, 2016.[4]

On July 12, 2016, Debtor filed his third request for an enlargement of time to file his opening brief (the "Third Extension Request", ER, Tab 17).   On July 12, 2016, the Trustee filed his opposition to the Third Extension Request (ER, Tab 18). On July 28, 2016, the Court issued an order granting the Third Extension Request and set a final deadline for Debtor to file an opening brief to August 8, 2016 (ER, Tab 19).   Debtor failed to file his opening brief.

On September 1, 2016, the Court issued an Order to Show Cause re: Bankruptcy Appeal (the "Second OSC", ER, Tab 20), ordering Debtor to show cause before September 12, 2106 why the appealed orders should not be affirmed for failure to comply with this Court's orders.   The Debtor failed to respond to the

---

[3] The Court did not issue an order with this notice, therefore a copy of the docket, which reflects the extension of time is attached (*See* Dkt. No. 11).

[4] *See supra,* fn 1. *See* ER, Tab 15, Dkt. No. 13.

Second OSC, and on September 21, 2106, the Court dismissed the Appeal for failure to prosecute (the "Dismissal Order", ER, Tab 21).

On October 17, 2016, the Debtor filed a Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60 and attached a "Cause Shown" statement in support (the "Reconsideration Request", ER, Tab 22). On October 20, 2016, the Court granted the Debtor's Reconsideration Request and required the Debtor to refile his "Cause Shown" statement and his opening brief by November 2, 2016 at 4:00 p.m. (ER, Tab 23) On November 1, 2016, the Debtor filed his Opening Brief (ER, Tab 24)

### III.  ARGUMENT

### A. The Order Approving Interim Fees is an Interlocutory Order that Cannot Be Appealed

As a threshold matter, the Court must determine whether it has jurisdiction over Debtor's appeals from the Bankruptcy Court. District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1).  If the order is not a final order, district courts "shall have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

A party may appeal as of right (i.e., immediately) only "final" bankruptcy court judgments, orders or decrees. *Bullard v. Blue Hills Bank* 135 S.Ct. 1686,

1691 (2015). "A bankruptcy court order is considered final where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (internal quotations and citation omitted).

An interlocutory order is one that does not finally determine a cause of action, but instead decides only an intervening matter. *In re Travers* 202 BR 624, 625 (9th Cir. BAP 1996). Bankruptcy court orders approving interim compensation (subject to final review) are interlocutory. *In re Roderick Timber Co.* 185 BR 601, 604 (9th Cir. BAP 1995).

Here, the Order Approving Interim Fees is an interlocutory order as it does not completely resolve all issues pertaining to the fees incurred by MF. Any order awarding interim fees are subject to reexamination by the court during the course of the case and at the time of a professionals final fee application is heard pursuant to 11 U.S.C. § 330. *In re Callister,* 673 F.2d 305, 306-307 (interim fee awards are not final adjudications on the question of compensation). As a result, orders awarding or denying interim fees are interlocutory and not appealable. *In re Valley Forge Plaza Assocs.*, 119 BR 471 (E.D.PA 1990); *In re Four Seas Ctr., Ltd.* 754 F2d 1416 (9th Cir. 1985). Therefore, the Order Approving Interim Fees is not an appealable order that can be examined by the District Court.

///

7

## B. **The Debtor Does Not Have Standing to Object to the Application for Interim Fees**

Further, Debtor lacks standing to object to the Application for Interim Fees. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issue, and standing is the threshold question in every case." *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (internal citations omitted).  In addition to the traditional standing requirements, the bankruptcy court imposes an additional prudential standing requirement that a party must be a "'person aggrieved' by the bankruptcy court's order." *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir.1999).  A party is aggrieved if "'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the [party's] property, increase its burdens, or detrimentally affect its rights." *Id.* (citing *Fondiller v. Roberston (In re Fondiller )*, 707 F.2d 441, 442 (9th Cir.1983)).

Other than the United States Trustee and the Trustee, section 330(a)(2) limits the right to object professional fee applications to "part[ies] in interest"— *i.e.*, those with a "pecuniary interest" in the outcome of the decision. 11 U.S.C. § 330(a)(2); *In re Suk Kim*, No. 06-00157, 2010 WL 148635, at *6 (Bankr. D. Haw. Jan. 14, 2010); *In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008) (to

demonstrate standing, a party must show that its "pecuniary interest may be affected by the outcome of the decision"); *cf. Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 442 (9th Cir.1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.").

Here, the Debtor is not an "aggrieved person" with standing to challenge any order of the Bankruptcy Court in connection with the Application for Interim Fees as it has no pecuniary interest in the outcome of Application for Interim Fees.  The estate is likely unable to repay unsecured creditors in full.  Further, there is only one creditor in this action, an unsecured creditor.  The Debtor, therefore, is not a "party in interest" for purposes of section 330(a)(2) and lacks standing to oppose the Fee Application.

## C. **The Appeal of the Order Approving Turnover Stipulation is Untimely**

A notice of appeal must be filed with the bankruptcy court within 14 days after entry of the judgment, order or decree being appealed. *See FRBP 8002(a)(1).* The deadline for filing a notice of appeal commences when the judgment or order appealed from is "entered."  The timely filing of a notice of appeal is jurisdictional, and thus the tardy filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.  *In re Camacho*, 495 B.R. 515,

519 (E.D. Cal. 2013), *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (decided under prior version of rule with 10-day deadline).

Here, the Order Approving Turnover Stipulation was entered on March 9, 2016.  Debtor filed his untimely and improper Second Notice of Appeal with respect to the Turnover Stipulation 20 days after entry of the Order Approving Turnover Stipulation on March 29, 2016, in violation of FRBP 8002.  As such, the appeal of the Order Approving Turnover Stipulation is untimely and must be dismissed as a matter of law.

Finally, to the extent the Court considers the Debtor's appeal of the Order Approving Turnover Stipulation, the Trustee notes that there are no arguments presented in support of such.  Rather, the entirety of Debtor's Opening Brief discusses the Order Approving Interim Fees and why such order should be overruled.  As such, the appeal of the Order Approving Turnover Stipulation should be dismissed out of hand.

Based on the foregoing, and pursuant to Fed. R. Bankr. Proc. 8019 and Fed. R. App. Proc. 34(a), the Trustee submits that this appeal is suitable for submission on the briefs and record, without oral argument, and requests that the matter be dismissed.

///

///

## IV.   <u>CONCLUSION</u>

There is little question that the Court should deny the entirety of Debtor's Appeal, as Debtor fails to provide any evidence why the interlocutory order of the Order Approving Interim Fees or the untimely appeal of the Order Approving Turnover Stipulation should be considered by this Court. As such the Appeal should be dismissed without oral argument.


DATED:  November 15, 2016        MARGULIES FAITH, LLP

                                         /s/ Meghann Triplett
                                    Meghann A. Triplett, Esq.
                                    Noreen A. Madoyan, Esq.
                                    Attorneys for Jeremy W. Faith,
                                    Chapter 7 Trustee

11

CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES

AND PARTIES IN INTEREST

CASE NO. CV 16-02008-BRO

DEBTOR: LOREN MILLER AND SARAH MILLER

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of

Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief

is proportionally spaced, has a type face of 14 points or more and, pursuant to the

word-count feature of the word processing program used to prepare this brief,

contains 2,443 words, exclusive of the matters that may be omitted under

Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an

interest in the outcome of this appeal. These representations are made to enable

Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |

Furthermore, the undersigned certifies that the following are known related

cases and appeals:

| 9th Circuit Court of Appeals 16-55032 | Loren Miller, Appellant vs. Jeremy W. Faith, Chapter 7 Trustee, Appellee |
|---|---|
| 9th Circuit Court of Appeals 16-60011 | Loren Miller, Appellant vs. Jeremy W. Faith, Chapter 7 Trustee, Appellee |

| Bankruptcy Case No. 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
|---|---|
| Adversary Case No. 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |

DATED:  November 15, 2016          MARGULIES FAITH, LLP

          /s/ Meghann Triplett
          Meghann A. Triplett, Esq.
          Noreen A. Madoyan, Esq.
          Attorneys for Jeremy W. Faith,
          Chapter 7 Trustee

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

Case No. CV 16-02008-BRO
C.D. Cal. Bankr. Case No. 9:13-bk-10313-PC

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

## ADDENDUM TO APPELLEE'S OPENING BRIEF
## AND REQUEST FOR DISMISSAL

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

# TABLE OF CONTENTS

**PAGE**

**Relevant Bankruptcy Code Sections** ......................................................................1

11 U.S.C. § 327.............................................................................................1

11 U.S.C. § 330.............................................................................................1

11 U.S.C. § 330(a)(2).....................................................................................2

28 U.S.C. § 158(a)(1)......................................................................................4

28 U.S.C. § 158(a)(3)......................................................................................5

**Relevant Federal Rules** ..........................................................................................5

Federal Rule of Bankruptcy Procedure 8002(a)(1) ............................................5

Federal Rule of Bankruptcy Procedure 8003 .....................................................5

Federal Rule of Bankruptcy Procedure 8009 .....................................................7

Federal Rule of Bankruptcy Procedure 9006(b)(1) ...........................................12

Federal Rule of Civil Procedure 60 ..................................................................12

## <u>Relevant Bankruptcy Code Sections</u>

### <u>11 U.S.C. § 327 – Employment of Professional Persons</u>

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

(d) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(f) The trustee may not employ a person that has served as an examiner in the case.

### <u>11 U.S.C § 330 – Compensation of Officers</u>

(a)

 (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an

1

ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 –

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

(2)    The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)    In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

2

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)

    (A)     Except as provided in subparagraph (B), the court shall not allow compensation for –

        (i)     Unnecessary duplication of services; or

        (ii)    Services that were not –

            (I)     reasonably likely to benefit the debtor's estate; or

            (II)    necessary to the administration of the case.

    (B)     In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

(5)     The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6)     Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.

(7)     In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

3

(b)

    (1)    There shall be paid from the filing fee in a case under chapter 7 of this title $45 to the trustee serving in such case, after such trustee's services are rendered.

    (2)    The Judicial Conference of the United States –

        (A)    shall prescribe additional fees of the same kind as prescribed under section 1914(b) of title 28; and

        (B)    may prescribe notice of appearance fees and fees charged against distributions in cases under this title; to pay $15 to trustees serving in cases after such trustees' services are rendered. Beginning 1 year after the date of the enactment of the Bankruptcy Reform Act of 1994, such $15 shall be paid in addition to the amount paid under paragraph (1).

(c)    Unless the court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the trustee serving in the case shall not be less than $5 per month from any distribution under the plan during the administration of the plan.

(d)    In a case in which the United States trustee serves as trustee, the compensation of the trustee under this section shall be paid to the clerk of the bankruptcy court and deposited by the clerk into the United States Trustee System Fund established by section 589a of title 28.

## 28 U.S.C. § 158 (a) – Appeals

(a)    The district courts of the United States shall have jurisdiction to hear appeals

    (1)    from final judgments, orders, and decrees;

    (2)    from interlocutory orders and decrees issued under section1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

4

(3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

## RELEVANT FEDERAL RULES

### Federal Rules of Bankruptcy Procedure 8002(a)(1) – Time for Filing Notice of Appeal

(a) In General.

(1) *Fourteen-Day Period*. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

### Federal Rules of Bankruptcy Procedure 8003 – Appeal as of Right-How Taken; Docketing the Appeal

(a) Filing the Notice of Appeal.

(1) *In General*. An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. §158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.

(2) *Effect of Not Taking Other Steps*. An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.

5

    (3)    *Contents*. The notice of appeal must:

        (A)    conform substantially to the appropriate Official Form;

        (B)    be accompanied by the judgment, order, or decree, or the part of it, being appealed; and

        (C)    be accompanied by the prescribed fee.

    (4)    *Additional Copies.* If requested to do so, the appellant must furnish the bankruptcy clerk with enough copies of the notice to enable the clerk to comply with subdivision (c).

(b)    Joint or Consolidated Appeals.

    (1)    *Joint Notice of Appeal*. When two or more parties are entitled to appeal from a judgment, order, or decree of a bankruptcy court and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

    (2)    *Consolidating Appeals*. When parties have separately filed timely notices of appeal, the district court or BAP may join or consolidate the appeals.

(c)    Serving the Notice of Appeal.

    (1)    *Serving Parties and Transmitting to the United States Trustee*. The bankruptcy clerk must serve the notice of appeal on counsel of record for each party to the appeal, excluding the appellant, and transmit it to the United States trustee. If a party is proceeding pro se, the clerk must send the notice of appeal to the party's last known address. The clerk must note, on each copy, the date when the notice of appeal was filed.

    (2)    *Effect of Failing to Serve of Transmit Notice*. The bankruptcy clerk's failure to serve notice on a party or transmit notice to the United States trustee does not affect the validity of the appeal.

6

(3)   *Noting Service on the Docket.* The clerk must note on the docket the names of the parties served and the date and method of the service.

(d)   Transmitting the Notice of Appeal to the District Court of BAP; Docketing the Appeal.

(1)   *Transmitting the Notice.* The bankruptcy clerk must promptly transmit the notice of appeal to the BAP clerk if a BAP has been established for appeals from that district and the appellant has not elected to have the district court hear the appeal. Otherwise, the bankruptcy clerk must promptly transmit the notice to the district clerk.

(2)   *Docketing in the District Court or BAP.* Upon receiving the notice of appeal, the district or BAP clerk must docket the appeal under the title of the bankruptcy case and the title of any adversary proceeding, and must identify the appellant, adding the appellant's name if necessary.

## Federal Rules of Bankruptcy Procedure 8009 – Record on Appeal; Sealed Documents

(a)   Designating the Record on Appeal; Statement of Issues.

(1)   *Appellant.*

(A)   The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(B)   The appellant must file and serve the designation and statement within 14 days after:

(i)   the appellant's notice of appeal as of right becomes effective under Rule 8002; or

(ii)   an order granting leave to appeal is entered.

A designation and statement served prematurely must be treated as served on the first day on which filing is timely.

(2)   *Appellee and Cross-Appellant.* Within 14 days after being served, the appellee may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record. An appellee who files a cross-appeal must file and serve a designation of additional items to be included in the record and a statement of the issues to be presented on the cross-appeal.

(3)   *Cross-Appellee*. Within 14 days after service of the cross-appellant's designation and statement, a cross-appellee may file with the bankruptcy clerk and serve on the cross-appellant a designation of additional items to be included in the record.

(4)   *Record on Appeal*. The record on appeal must include the following:

- docket entries kept by the bankruptcy clerk;

- items designated by the parties;

- the notice of appeal;

- the judgment, order, or decree being appealed;

- any order granting leave to appeal;

- any certification required for a direct appeal to the court of appeals;

- any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;

- any transcript ordered under subdivision (b);

- any statement required by subdivision (c); and

8

- any additional items from the record that the court where the appeal is pending orders.

(5) *Copies for the Bankruptcy Clerk.* If paper copies are needed, a party filing a designation of items must provide a copy of any of those items that the bankruptcy clerk requests. If the party fails to do so, the bankruptcy clerk must prepare the copy at the party's expense.

(b)   Transcript of Proceedings.

(1) *Appellant's Duty to Order.* Within the time period prescribed by subdivision (a)(1), the appellant must:

(A)   order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or

(B)   file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript.

(2) *Cross-Appellant's Duty to Order.* Within 14 days after the appellant files a copy of the transcript order or a certificate of not ordering a transcript, the appellee as cross-appellant must:

(A)   order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such additional parts of the proceedings as the cross-appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or

(B)   file with the bankruptcy clerk a certificate stating that the cross-appellant is not ordering a transcript.

(3) *Appellee's or Cross-Appellee's Right to Order.* Within 14 days after the appellant or cross-appellant files a copy of a transcript order or certificate of not ordering a transcript, the appellee or

cross-appellee may order in writing from the reporter a transcript of such additional parts of the proceedings as the appellee or cross-appellee considers necessary for the appeal. A copy of the order must be filed with the bankruptcy clerk.

(4)     *Payment*. At the time of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.

(5)     *Unsupported Finding or Conclusion*. If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits.

(c)     Statement of the Evidence When a Transcript is Unavailable. If a transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be filed within the time prescribed by subdivision (a)(1) and served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the bankruptcy court for settlement and approval. As settled and approved, the statement must be included by the bankruptcy clerk in the record on appeal.

(d)     Agreed Statement as the Record on Appeal. Instead of the record on appeal as defined in subdivision (a), the parties may prepare, sign, and submit to the bankruptcy court a statement of the case showing how the issues presented by the appeal arose and were decided in the bankruptcy court. The statement must set forth only those facts alleged and proved or sought to be proved that are essential to the court's resolution of the issues. If the statement is accurate, it— together with any additions that the bankruptcy court may consider necessary to a full presentation of the issues on appeal—must be approved by the bankruptcy court and must then be certified to the court where the appeal is pending as the record on appeal. The bankruptcy clerk must then transmit it to the clerk of that court within the time provided by Rule 8010. A copy of the agreed statement may

be filed in place of the appendix required by Rule 8018(b) or, in the case of a direct appeal to the court of appeals, by F.R.App.P. 30.

(e)   Correcting or Modifying the Record.

    (1)   *Submitting to the Bankruptcy Court*. If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

    (2)   *Correcting in Other Ways*. If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:

        (A)   on stipulation of the parties;

        (B)   by the bankruptcy court before or after the record has been forwarded; or

        (C)   by the court where the appeal is pending.

    (3)   *Remaining Questions*. All other questions as to the form and content of the record must be presented to the court where the appeal is pending.

(f)   Sealed Documents. A document placed under seal by the bankruptcy court may be designated as part of the record on appeal. In doing so, a party must identify it without revealing confidential or secret information, but the bankruptcy clerk must not transmit it to the clerk of the court where the appeal is pending as part of the record. Instead, a party must file a motion with the court where the appeal is pending to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending.

(g)     Other Necessary Actions. All parties to an appeal must take any other
action necessary to enable the bankruptcy clerk to assemble and
transmit the record.


**Federal Rules of Bankruptcy Procedure 9006(b)(1) – Computing and
Extending Time**

(b)     Enlargement.

(1)     *In General.* Except as provided in paragraphs (2) and (3) of this
subdivision, when an act is required or allowed to be done at or
within a specified period by these rules or by a notice given
thereunder or by order of court, the court for cause shown may
at any time in its discretion (1) with or without motion or notice
order the period enlarged if the request therefor is made before
the expiration of the period originally prescribed or as extended
by a previous order or (2) on motion made after the expiration
of the specified period permit the act to be done where the
failure to act was the result of excusable neglect.


**Federal Rules of Civil Procedure 60 – Relief from a Judgment or Order**

(a)     *Corrections Based on Clerical Mistakes; Oversights and Omissions.*
The court may correct a clerical mistake or a mistake arising from
oversight or omission whenever one is found in a judgment, order, or
other part of the record. The court may do so on motion or on its own,
with or without notice. But after an appeal has been docketed in the
appellate court and while it is pending, such a mistake may be
corrected only with the appellate court's leave.

(b)     *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On
motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the
following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

12

(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

(c)    *Timing and Effect of the Motion.*

(1)    *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2)    *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d)    *Other Powers to Grant Relief.* This rule does not limit a court's power to:

(1)    entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2)    grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3)    set aside a judgment for fraud on the court.

(e)    *Bills and Writs Abolished.* The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

### CERTIFICATE OF SERVICE
### CASE NO. CV 16-02008-BRO
### DEBTORS: LOREN MILLER AND SARAH MILLER

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system on November 15, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Craig G. Margulies, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11356 Merado Peak Drive
Las Vegas, NV 89135
**Appellant/Debtor**

Helen Cardoza