UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE APPEALS OF BANKRUPTCY COURT'S ORDERS [2, 6]

## I. INTRODUCTION

This matter is on appeal from the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). Appellant-Debtor Loren Miller[1] ("Appellant") appeals the following four decisions of the Bankruptcy Court: (1) Order denying Appellant's Motion for Enlargement; (2) Bankruptcy Court's failure to rule on Appellant's Request for a Hearing by Conferencing; (3) Order granting the Application for Interim Fees; and, (4) Order approving the Turnover Stipulation. (*See* Dkt.[2] Nos. 2, 6; *see also* Dkt. Nos. 25, 38.) After considering the papers filed in connection with the appeals, the Court finds these matters appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court **DISMISSES** Appellant's appeals of the Bankruptcy Court's decisions.

---

[1] Joint-debtor Sarah Miller is not a party to the underlying motions or appeal. (Dkt. No. 27 at 1 n.1.)

[2] Docket citations refer to the docket of *In re: Loren Miller and Sarah Miller*, Case No. CV 16-02008 (C.D. Cal. Mar. 23, 2016), unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

## II. BACKGROUND

### A. Bankruptcy Court Proceedings

On February 7, 2013, Appellant filed a voluntary petition for Chapter 7 bankruptcy in the Central District of California. (Dkt. No. 27, Appellee's Opening Brief (hereinafter, "AB") at 1.) Jeremy W. Faith ("Trustee") was appointed as the creditors' trustee. (AB at 1–2.) On June 11, 2013, the Bankruptcy Court approved Trustee's Application to Employ Margulies Faith LLP ("MF") as Trustee's general counsel in this matter. (AB at 2.) After representing Trustee for three years, MF filed an Application for Interim Fees (the "Application") pursuant to 11 U.S.C. § 331 seeking to collect the accumulated attorneys' fees, noticing a hearing date of March 8, 2016. (*See id.*) The Notice of Hearing indicated that Appellant must file a written objection to MF's application by February 23, 2016 in order to preserve his right to object to MF's Application for Interim Fees. (*See id.*)

Appellant failed to oppose the Application by the February 23, 2016; instead, he filed an *ex parte* Motion for Enlargement of Time to File Objection on March 7, 2016—a day before the noticed hearing on March 8, 2016. (AB at 2–3.) On March 7, 2016, the Bankruptcy Court denied Appellant's Motion for Enlargement because: (1) the Application for Interim Fees and Notice of Hearing were properly served on Appellant on February 17, 2016; (2) Appellant admitted to receiving the Application for Interim Fees and Notice of Hearing by February 23, 2016; and, (3) Appellant did not show cause for the delay because he failed to explain the thirteen-day delay (between the February 23 deadline and filing the Motion for Enlargement on March 7) or why Appellant needed until April 4, 2016 to file an objection. (Dkt. No. 28, Ex. 5 at 1–2.) Appellant also requested to appear telephonically at the hearing because he lives and works in Houston, Texas, and appearing in person at the hearing would significantly burden him. (Dkt. No. 25, Appellant's Opening Brief ("AOB") at 10.) Appellant notes that the Bankruptcy Court did not rule on his request. (*Id.*)

On March 8, 2016, the Bankruptcy Court approved MF's Application for Interim Fees. (Dkt. No. 28, Ex.6 at 1–2.) The Order approved $185,173.50 of interim fees, but the Bankruptcy Court did not specify an amount on the form's section titled "[a]mount or

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

percentage authorized for payment at this time." (*See* Dkt. No. 28, Ex. 6 at 2.) Below this section, the Bankruptcy Court included a note that reads:

> Pursuant to an agreement with creditor, Andrew D. Geller, an individual, and Andrew D. Geller and Eileen B. Geller, Trustee of the Geller Trust dated September 2, 1987, the Trustee has agreed to limit any distribution on Applicant's interim fee request to no more than 75% of the total interim fees allowed ($138,880.13) and 100% of the total interim expenses allowed ($5,700.35). Each party reserves rights with respect to any objections, and responses thereto, which may be filed at a later date.

(Dkt. No. 28, Ex. 6 at 2.)

Pursuant to two orders entered by the Bankruptcy Court, Appellant was required to turn over $114,159.39 to the estate. (*See* Dkt. No. 28, Ex. 8 at 1.) On March 9, 2016, the Bankruptcy Court approved a turnover stipulation ("Turnover Stipulation") between Trustee and creditor Andrew D. Geller, an individual, and Andrew D. Geller and Eileen B. Geller, trustees of the Geller Trust dated September 2, 1987 (collectively, "Gellers"). (Dkt. No. 28, Ex. 8 at 1.) The Turnover Stipulation assigned to the Gellers $114,159.39 in outstanding proceeds due under the two previous turnover orders. (Dkt. No. 28, Ex. 8 at 2.) In exchange, the Gellers agreed to an equivalent reduction in their claim against the estate. (Dkt. No. 28, Ex. 8 at 2.) The $114,159.39 is a portion of the Gellers' total claim, which the Gellers filed on October 23, 2013 and amounts to $1,852,812.31. (*See* Dkt. No. 28, Ex. 7 at 3.)

On March 22, 2016, Appellant filed a Notice of Appeal pursuant to 28 U.S.C. § 158 contesting the Bankruptcy Court's orders denying Appellant's Motion for Enlargement and granting MF's Application for Interim Fees. (*See* Dkt. No. 28, Ex. 9.) On March 29, 2016, Appellant filed a second Notice of Appeal challenging the court's order approving the Turnover Stipulation. (*See* Dkt. No. 28, Ex. 11.)

### B. District Court Proceedings

Appellant failed to submit the appeal brief or a statement of issues on appeal to the Court; as a result, on April 20, 2016, the Court issued an order to show cause by May 11, 2016 why the appeal should not be dismissed for lack of prosecution. (*See* Dkt. No. 9.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

Despite the May 11, 2016 deadline, Appellant filed a motion on May 12, 2016 to extend the deadline to file his appeal brief. (*See* Dkt. No. 10.) The Court granted this motion on May 13, 2016 and set the deadline to file the appeal brief by June 13, 2016. (Dkt. No. 11.) On June 13, 2016, Appellant filed a second request for an extension, (Dkt. No. 12), and the Court granted Appellant's motion on June 16, 2016 and moved the deadline to July 11, 2016, (Dkt. No. 13). On July 12, 2016, Appellant filed a third request for an extension. (Dkt. No. 14.) The Court granted Appellant's motion on July 28, 2016 and required Appellant to file the appeal brief by no later than August 8, 2016. (Dkt. No. 16.) Appellant failed to abide by the Court's third deadline.

On September 1, 2016, the Court issued an order to show cause why the Court should not affirm the Bankruptcy Court's orders given Appellant's failure to comply with the Court's orders. (*See* Dkt. No. 17.) Appellant failed to timely respond to the order to show cause, and the Court dismissed Appellant's appeal on September 21, 2016. (*See* Dkt. No. 19.) Appellant filed a motion for relief from the Court's dismissal order on October 17, 2016, (Dkt. No. 21), and the Court granted Appellant's motion on October 20, 2016 and reopened the case, (Dkt. No. 22). The Court ordered Appellant to file his opening brief and respond to the Court's order to show cause by November 2, 2016. (Dkt. No. 22.) In responding to the Court's order to show cause, Appellant satisfactorily explained his change of address and mailing issues, (Dkt. No. 24); thus, the Court discharged the order to show cause, (Dkt. No. 26). On November 1, 2016, Appellant filed his opening brief. (*See* AOB.) Then, on November 15, 2016, Trustee filed his opening brief. (*See* AB.)

Appellant received three extensions of the deadline to file his reply brief. Appellant submitted a request for an extension to file his reply brief on December 1, 2016, (*see* Dkt. No. 29), which the Court granted on December 12, 2016, (*see* Dkt. No. 30). Appellant filed his second request for an extension on January 4, 2017. (*See* Dkt. No. 31.) The Court granted the extension and set the deadline for filing his reply brief on January 31, 2017. (Dkt. No. 32.) On January 26, 2017, Appellant submitted a third request for an extension, (*see* Dkt. No. 33), which the Court granted on February 7, 2017, (Dkt. No. 35). On March 6, 2017, Appellant filed his reply brief. (*See* Dkt. No. 38, Appellant's Reply Brief ("ARB").) Appellant argues that the Bankruptcy Court erred in denying his Motion for Enlargement. (*See* AOB at 7.) Appellant also asserts that the Bankruptcy Court violated his rights to equal protection and substantive due process by

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

denying Appellant's Request for Hearing by Conferencing, and by acting arbitrarily and capriciously. (AOB at 10–11.)

## III. LEGAL STANDARDS

### A. Jurisdiction over Appeals of Bankruptcy Court Orders

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with the leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a) (West 2017). Courts use a "pragmatic approach" when determining whether a bankruptcy court's order is final or interlocutory. *Eden Place, LLC v. Perl* (*In re Perl*), 811 F.3d 1120, 1125 (9th Cir. 2016). In determining whether a bankruptcy court's order is final, the Ninth Circuit has explained that courts should "look to whether the bankruptcy court's decision: '1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *Id.* (quoting *SS Farms, LLC v. Sharp* (*In re SK Foods, L.P.*), 676 F.3d 798, 802 (9th Cir. 2012).

### B. Granting Leave to Hear Interlocutory Appeals

"It is within the discretion of the district court . . . to hear interlocutory appeals" of bankruptcy court decisions. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782, 787–88 (9th Cir. 2003) (citing 28 U.S.C. § 158(a) (West 2017)). "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, Nos. CV 12–9795 PSG, 12–9983 PSG, 12–10037 PSG, 12–10039 PSG, 12–10085 PSG, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (footnote omitted).

Even though a district court has discretionary authority to hear appeals of interlocutory orders from bankruptcy courts, such review is "generally disfavored." *In re Thinkfilm*, 2013 WL 654010, at *1. "Although our approach to finality is quite flexible in bankruptcy cases, traditional finality concerns still 'dictate that we avoid having a case make two complete trips through the appellate process.'" *Silver Sage Partners, Ltd. v.*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

*City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 327 F.3d 930, 934 (9th Cir. 2003) (citing *Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1043 (9th Cir. 1997)).

## IV. DISCUSSION

### A. Order Denying Appellant's Motion for Enlargement

To ascertain the Court's jurisdiction over the appeals, the Court must determine whether the Bankruptcy Court's order denying Appellant's Motion for Enlargement is final or interlocutory. Appellant claims that his "Brief amply proved 'discrete disputes within the larger case' *definitely* exist." (ARB at 4 (emphasis in original).) The Court disagrees. The Ninth Circuit, and district courts within the Circuit, have consistently held that bankruptcy court orders granting or denying extensions of time are interlocutory and not immediately appealable. *See New Life Health Ctr. Co. v. Internal Revenue Serv.* (*In re New Life Health Ctr. Co.*), 102 F.3d 428, 428 (9th Cir. 1996) (holding that the district court did not have jurisdiction to hear an appeal of a bankruptcy court's order extending time to file a proof of claim because the order was interlocutory and not appealable); *Dalton Equip. Co., Inc. v. Brown*, 594 F.2d 195, 197 (9th Cir. 1979) (holding that a bankruptcy court's order granting creditor's motion to extend time to object to discharge was an interlocutory order); *Ahern Rentals, Inc. v. Goldman Sachs Palmetto State Credit Fund, L.P.* (*In re Ahern Rentals*), No. 3:12–CV–0676–LRH–VPC, 2013 WL 150489, at *2 (D. Nev. Jan. 14, 2013) (holding that the bankruptcy court's order denying a motion to extend the exclusivity period was interlocutory); *Webb v. Kistler*, CIV-F-07-1028 AWI, 2008 WL 850047, at *2 (E.D. Cal. Mar. 28, 2008) (holding that the bankruptcy court's order granting a request for additional time to comply with default judgment procedures was an interlocutory order).

Here, Appellant's Motion for Enlargement requested that the Bankruptcy Court extend to April 4, 2016 the deadline by which Appellant could file an opposition to MF's Application for Interim Fees. (Dkt. No. 28, Ex. 4 at 1.) Based on the cited cases holding that deadline-extension orders are interlocutory, the Court holds that Appellant's Motion for Enlargement of Time is interlocutory.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

### B. Appellant's Request for Hearing by Conferencing

Appellant asserts that the Bankruptcy Court violated equal protection and substantive due process by ignoring Appellant's Request for Hearing by Conferencing. (AOB at 10–11.) A final order "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Perl*, 811 F.3d at 1125 (quoting *In re SK Foods*, 676 F.3d at 802). Appellant requested to appear by telephone at the hearing regarding MF's Application for Interim Fees because he lives and works in Houston, and it would have been a burden on Appellant to appear in person at the bankruptcy hearing. (AOB at 10.) This issue appears to be peripheral to the order regarding the Motion for Enlargement. No ruling exists with respect to this request to appear telephonically; however, the Bankruptcy Court impliedly denied this request when it ultimately did not permit Appellant to appear telephonically. The request to appear by telephone in and of itself does not resolve substantive rights at issue in the proceedings, and it did not finally determine whether MF's Application for Interim Fees would be granted. Therefore, even assuming an order may impliedly exist with respect to Appellant's request for hearing by conferencing, the order would be interlocutory, rather than final.

### C. Order Granting MF's Application for Interim Fees

Trustee argues that Appellant's appeal of the order granting Application for Interim Fees is improper because it concerns an interlocutory order that the Court does not have jurisdiction to adjudicate. (AB at 6.) As previously stated, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with the leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). A final order "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Perl*, 811 F.3d at 1125 (quoting *In re SK Foods*, 676 F.3d at 802).

The Ninth Circuit previously has held that an interim compensation award pursuant to 11 U.S.C. § 331 is not appealable as a final order. *See Leichty v. Neary (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004) (quoting *Cont'l Ill. Nat'l Bank & Tr. Co. of Chi. v. Wooten, Ltd. (In re Evangeline Ref. Co.)*, 890 F.2d 1312, 1321 (5th Cir. 1989)) (allowing a bankruptcy court to award a final fee that was lower than the interim fee award

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

"[b]ecause interim awards are interlocutory and often require future adjustments"); *Fed. Deposit Ins. Corp. v. Keller*, 42 F.3d 1399 (Table), 1994 WL 649992, at *2 (9th Cir. 1994) (citing *Four Seas Ctr., Ltd. v. Davres, Inc.* (*In re Four Seas Ctr., Ltd.*), 754 F.2d 1416, 1418–19 (9th Cir. 1985)) ("[A]n award of interim compensation [pursuant to 11 U.S.C. § 331] is not appealable as a final order."); *Yermakov v. Fitzsimmons* (*In re Yermakov*), 718 F.2d 1465, 1469 (9th Cir. 1983) (citing *Callister v. Ingersoll-Rand Fin. Corp.* (*In re Callister*), 673 F.2d 305, 307 (10th Cir. 1982)) (agreeing with the Tenth Circuit that "an interim allowance of attorneys [sic] fees awarded pursuant to 11 U.S.C. § 331 is interlocutory in nature").

The Court holds that the order granting MF's Application for Interim Fees is interlocutory. The interim fees were granted pursuant to 11 U.S.C. § 331, (*see* Dkt. No. 28, Ex. 6 at 1), and the Ninth Circuit has explained that such fees are "interlocutory in nature." *In re Yermakov*, 718 F.2d at 1469. In addition, the order approves $185,173.50 of interim fees, but the form's section titled "[a]mount or percentage authorized for payment at this time" is left blank. (Dkt. No. 28, Ex. 6 at 2.) This indicates that the amount has not been finalized or disbursed. A note below that section states that the Gellers have agreed to limit any distribution of the interim fee award to no more than 75% of the total interim fees and 100% of the costs. (*Id.*) Importantly, the note says that "[e]ach party reserves rights with respect to any objections, and responses thereto, which may be filed at a later date." (*Id.*) The order granting MF's Application for Interim Fees and its notes qualifying the total demonstrate that the order does not "finally determine[] the discrete issue to which it is addressed." *In re Perl*, 811 F.3d at 1125 (quoting *In re SK Foods*, 676 F.3d at 802). *See In re Strand*, 375 F.3d at 858 (holding that the fees awarded on an interim basis can change when determining the final fee compensation).

Prior Ninth Circuit precedent supports the Court's conclusion that the order granting the Application for Interim Fees is interlocutory. In *In re Yermakov*, the Ninth Circuit held that the attorneys' fees were final because the attorneys were discharged from representing the debtors (and therefore could not earn additional fees) prior to the bankruptcy court's order granting the fee application. 718 F.2d at 1469. In contrast to the approved fees in *In re Yermakov*, MF continues to represent Trustee and accumulate attorneys' fees.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

Moreover, the Bankruptcy Court's order is similar to the court's order approving fees in *In re Four Seas*, 754 F.2d at 1418–19, where the court held that a bankruptcy court's order approving an agreement for special counsel's compensation was not a final order because the attorney's ultimate compensation depended on the outcome of the litigation. Similarly, the challenged order in this case approves fees in an amount that is not final; the fees may increase during the ongoing bankruptcy proceedings and the parties have reserved the right to object to the amount distributed to MF. Based on binding Ninth Circuit precedent, the Court holds that the order granting MF's Application for Interim Fees is interlocutory.

### D. Order Approving the Turnover Stipulation

The Court must also determine whether the order approving the Turnover Stipulation is final or interlocutory. As previously stated, a final order "1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re Perl*, 811 F.3d at 1125 (quoting *In re SK Foods*, 676 F.3d at 802). Courts have held that a bankruptcy court's order is final if it terminates a party's rights to the assets at issue. *See In re Lewis*, 113 F.3d at 1044 (upholding a district court's conclusion that a bankruptcy court's disgorgement order was final); *United States v. Stone (In re Stone)*, 6 F.3d 581, 583 n.1 (9th Cir. 1993) (holding that an order "resolv[ing] the question of the priority of the federal tax lien . . . constitutes a final and appealable order").

In *Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.)*, 177 F.3d 774, 780 (9th Cir. 1999), the Ninth Circuit affirmed the district court's holding that the district court had jurisdiction to hear a bankruptcy court's final order that assigned rights to sue to various individuals. *Id*. The court explained that the order seriously affected the creditors' substantive rights because "the assignment transferred the only significant assets from the estates." *Id*.

The order approving the Turnover Stipulation is interlocutory because it did not seriously affect Appellant's substantive rights. Appellant was required to turn over $114,159.39 to the estate by two previous court orders. (*See* Dkt. No. 28, Ex. 8 at 1.) The Bankruptcy Court's order approving the Turnover Stipulation merely permitted the rights to the $114,159.39 to be assigned from the estate to the Gellers. The challenged

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

order affects only whom Appellant must pay. This negligible effect on Appellant contrasts sharply with the substantive rights at issue in *In re P.R.T.C.* The court in *In re P.R.T.C.* stated that the order seriously affected the creditors' substantive rights because "the assignment transferred the only significant assets from the estates." *In re P.R.T.C.*, 177 F.3d at 780. Unlike the estate's right to sue that were first terminated by the court's order in *In re P.R.T.C.*, Appellant's rights to the assets in the turnover orders were already extinguished by the first two turnover orders. Therefore, the order approving the Turnover Stipulation is interlocutory because it did not "seriously affect [Appellant's] substantive rights." *Id.*

### E. Discretion to Hear Appeals of Interlocutory Decisions

The conclusion that the four challenged decisions are interlocutory does not end the Court's inquiry. In their discretion, district courts may hear interlocutory appeals of bankruptcy court decisions. *In re City of Desert Hot Springs*, 339 F.3d at 787–88 (citing 28 U.S.C. § 158(a)). "[C]ourts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm*, 2013 WL 654010, at *1 (quoting *In re Cement Antitrust Litigation*, 673 F.2d at 1026 (footnote omitted)). Review of interlocutory orders from bankruptcy courts is "generally disfavored." *Id.*

The Court does not grant leave to hear Appellant's appeals of the abovementioned interlocutory orders. First, the order denying Appellant's Motion for Enlargement does not involve a controlling question of law. Appellant missed the February 23 deadline by which to file an opposition to MF's Application for Interim fees and instead filed the Motion for Enlargement on March 7, 2016—a day before the hearing on March 8. (AB at 2–3.) In its discretion, a bankruptcy court may extend a deadline if the court finds that the failure to comply with the specified time period was due to excusable neglect. Fed. R. Bankr. P. 9006(b)(1). Whether the Bankruptcy Court abused its discretion in denying Appellant's motion is not a controlling question of law.

Also, there are no substantial grounds for difference of opinion as the decision to deny Appellant's Motion for Enlargement was within the Bankruptcy Court's discretion.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

As Appellant correctly notes, "[a] bankruptcy court's denial of an extension of time under Fed. R. Bankr. P. 9006 is . . . reviewed for an abuse of discretion." *Nunez v. Nunez* (*In re Nunez*), 196 B.R. 150, 155 (B.A.P. 9th Cir. 1996) (citing *Zidell, Inc. v. Forsch* (*In re Coastal Alaska Lines, Inc.*), 920 F.2d 1428, 1431 (9th Cir. 1990)). The Bankruptcy Court provided a thorough explanation for denying Appellant's Motion for Enlargement. The Bankruptcy Court denied the motion because: (1) the Application for Interim Fees and Notice of Hearing were properly served on Appellant on February 17, 2016 in accordance with the rules; (2) Appellant admitted to receiving the Application for Interim Fees and Notice of Hearing by February 23, 2016; and, (3) Appellant did not show cause for his delay by failing to explain the thirteen-day delay preceding his Motion for Enlargement or why Appellant needed until April 4, 2016 to respond to file an objection. (Dkt. No. 28, Ex. 5 at 1–2.) Further, reversing the order would have little to no bearing on the outcome of the litigation.

Second, Appellant's challenge to the Bankruptcy Court's failure to respond to his Request to Appear by Conferencing will not be heard at this time. This decision does not involve a question of law that is central to the bankruptcy proceedings, but instead delves into the Bankruptcy Court's power to control the proceedings before it. Also, an immediate appeal will not hasten the end of the litigation because this decision was secondary to the Application for Interim Fees.

Third, a similar analysis applies to the order granting MF's Application for Interim Fees. Attorneys' fees are peripheral to the litigation and do not involve a controlling question of law. *See Brenneise v. San Diego Unified Sch. Dist.*, Nos. 08cv28 WQH (WMc), 08cv39 WQH (WMc), 2008 WL 4853329, at *7 (S.D. Cal. Nov. 7, 2008) ("The Court concludes that the issue of whether attorneys' fees are available . . . is not a controlling question of law."). In addition, the Court does not find substantial grounds for difference of opinion because Appellant has not presented an argument contesting the fees themselves. Due to the fees' ancillary nature, reversing the Bankruptcy Court's order granting the interim fees would not materially advance the outcome of the litigation because the fees are not at issue in the case.

Fourth, the order approving the Turnover Stipulation similarly fails to meet the three requirements set forth in *In re Thinkfilm*, 2013 WL 654010, at *1. The stipulation merely assigns to the Gellers the rights to collect on the assets in the turnover orders.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02008 (BRO) | Date | April 10, 2017 |
|---|---|---|---|
| Title | IN RE LOREN MILLER AND SARAH MILLER | | |

(Dkt. No. 28, Ex. 8 at 2.) The issue of who Appellant must pay does not involve a controlling question of law. Moreover, there are no grounds for a difference of opinion—Appellant has not argued why the order granting the Turnover Stipulation should be overturned. Finally, reversing the Bankruptcy Court's order would not materially advance the outcome of the litigation because the order only designated whom Appellant must pay, an issue that has little bearing on the underlying litigation.

In sum, the issues presented in the four interlocutory decisions do not implicate controlling questions of law; rather, they raise issues that are secondary to the underlying litigation and would have little influence—if any—on the substantive merits of the case. Considering that review of interlocutory orders from bankruptcy courts is "generally disfavored," *In re Thinkfilm*, 2013 WL 654010, at *1, and the challenged orders do not meet the three requirements set forth in *In re Thinkfilm*, the Court declines to grant leave to hear Appellant's appeals of the four interlocutory decisions at this time.

## V. CONCLUSION

The Court reiterates that this ruling has no bearing on the substance of Appellant's appeals; rather, the Court merely concludes that it does not have jurisdiction to hear these appeals at this time. For the foregoing reasons, Appellant's appeals of the four Bankruptcy Court decisions are hereby **DISMISSED**.

**IT IS SO ORDERED.**

:

Initials of Preparer